# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DEBORAH STOUT,** | )<br>) |
| Plaintiff, | ) Case No. 7:18CV00402<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **LT. RAELYN HAIGHT, ET AL.,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendants. | ) |

*Deborah Stout, Pro Se Plaintiff.*

The plaintiff, Deborah Stout, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 against Raelyn Haight, a lieutenant at the Fluvanna Correctional Center for Women, a facility operated by the Virginia Department of Corrections ("VDOC"). Stout alleges that Haight has bullied, harassed, and intimidated Stout, failed to protect her from another inmate's aggressive behavior, and retaliated against Stout for filing a grievance by firing her and preventing her from getting another job. By separate order, the case will go forward against Haight. As to other defendants Stout has named, however, her claims must be summarily dismissed.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is

"frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting frivolous in former version of 28 U.S.C. § 1915(d)).

To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The VDOC, as a state agency, is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Thus, Stout's claims against the VDOC have no basis in law, and I will summarily dismiss them as legally frivolous.

Stout also names another inmate as a defendant, T. Brown, who allegedly has "bullied and harassed" Stout, verbally and physically, and "slandered" her by "spreading false information." Compl. 2, ECF No. 1. Stout alleges that Haight knew of Brown's actions and failed to intervene.

To determine if Brown qualifies as a person acting under color of state law for purposes of a § 1983 claim, the court must make two, closely related determinations.

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly

be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Brown's alleged actions against Stout do not meet either of the *Lugar* factors. There is no allegation in the Complaint suggesting that Brown was exercising any right she had under state law, or following a state official's directive, when she allegedly harassed Stout. Brown is also not a state official and did not receive aid from state officials in carrying out the conduct of which Stout complains. Accordingly, I conclude that Brown's conduct is, in no way, chargeable to the state so as to make Brown a "person" subject to suit under § 1983. As such, Stout cannot proceed with her claims under § 1983 that Brown's actions violated her constitutional rights. Accordingly, I will summarily dismiss Stout's claims against Brown under § 1915A(b)(1) as frivolous.

For the reasons set forth, it is **ORDERED** that the plaintiff's claims against the Virginia Department of Corrections and Inmate T. Brown are summarily DISMISSED under 28 U.S.C. § 1915A(b)(1) as frivolous. By separate order, the court will direct the Clerk to attempt service on the remaining defendant.

    ENTER: October 9, 2018

    /s/ James P. Jones
    United States District Judge