# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DEBORAH STOUT,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:18CV00402 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **LT. RAELYN HAIGHT,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Deborah Stout, Pro Se Plaintiff.*

The plaintiff, Deborah Stout, a Virginia inmate proceeding pro se, filed this civil rights action under 28 U.S.C. § 1983, alleging that the defendant, Lt. Raelyn Haight, bullied and harassed Stout, retaliated against her, and failed to protect her. Stout has moved for a court order to remove Haight from Fluvanna Correctional Center for Women ("FCCW") until the resolution of this lawsuit. Stout claims that Haight has talked with two inmates who provided affidavits in Stout's case, and these inmates have, in turn, questioned and harassed Stout. Liberally construing Stout's motion as seeking a preliminary injunction, I find that the motion must be denied.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, *Dan River, Inc. v. Icahn*, 701 F.2d 278, 283 (4th Cir. 1983). Stout fails to show any likelihood that she will suffer irreparable harm in the absence of court intervention. Nor does she demonstrate how ordering Haight to leave FCCW would be fair to Haight in the balance of the equities or be in the public interest. Because Stout thus fails to make the four showings under *Winter*, she is not entitled to the relief she seeks.

For the reasons stated, it is **ORDERED** that the motion, ECF No. 36, is DENIED.

**ENTER**: February 6, 2019

/s/ James P. Jones
United States District Judge