# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DEBORAH STOUT,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:18CV00402 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **LT. RAELYN HAIGHT,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Deborah Stout, Pro Se Plaintiff; Stacie A. Sessoms, Office of the Attorney General, Richmond, Virginia, for Defendant.*

The plaintiff, Deborah Stout, a Virginia inmate proceeding pro se, filed this civil rights action under 28 U.S.C. § 1983, alleging that the defendant, Lt. Raelyn Haight, bullied and harassed Stout, retaliated against her, and failed to protect her. Stout has moved for a court order (1) directing Haight "to refrain from any actions of bullying, intimidating, or harassing Plaintiff and her witnesses, or facilitating said acts through other staff and offenders," and (2) requiring Haight's removal from Fluvanna Correctional Center for Women ("FCCW") until the resolution of this lawsuit. Mot. Prelim. Inj. 1, ECF No. 57. Liberally construing Stout's motion as seeking a temporary restraining order or a preliminary injunction, I find that the motion must be summarily denied.

In support of Stout's motion, she alleges that in January of 2019, in retaliation for this lawsuit, Haight told other inmates unspecified "information about" the case and the witnesses. *Id.* at 2–3. When the unit manager investigated Stout's informal complaint about Haight's action, Haight denied talking to the inmates, but the unit manager did not interview the inmates themselves. Mot. Addendum, ECF No. 58. Stout also complained that Haight was "questioning/giving information to inmates who have written Affidavits on [Stout's] behalf." *Id.* at Attach. 1, 12, ECF No. 58-1. Stout complains that Haight's actions create "a security risk because [Stout was] being approached and receiving conflict from her actions." *Id.* at 14. Stout also offers a letter from Inmate Slaughter, dated April 4, 2019, stating, "I have been confronted or spoken to by Lt. Haight in regards to being part of a lawsuit against her. . . . I feel I am being harassed by her for no just reason and that she is spreading this fabrication to other staff in an effort to cause me undue harm and stress." *Id.* at Attach. 3, 1, ECF No. 58-3.

Referring to all these events, Stout contends that Haight "has continued the bullying and harassment and increased her victimization, beyond [Stout], extending to anyone who would tell the truth on behalf of" Stout. Mot. Prelim. Inj. 3, ECF No. 57. Stout also asserts, "This is detrimental to the safety of the witnesses," to her own safety, and "to the integrity of the case." *Id.* She argues that Haight's actions constitute "tactics to prevent the Court from obtaining all information." *Id.*

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a *clear* showing "that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, *Dan River, Inc. v. Icahn*, 701 F.2d 278, 283 (4th Cir. 1983).

Stout's motion is constructed entirely of conclusory assertions unsupported by facts. She does not describe what specific topics Haight discussed with other inmates, or what effect these alleged conversations had on Stout or her lawsuit. Moreover, the only such encounters Stout mentions occurred more than six months ago. Without any factual detail to back up her claims, Stout fails to show any likelihood that she will suffer irreparable harm, to herself or her lawsuit, in the absence of court intervention or that any risk of such harm is imminent. She also fails to demonstrate how ordering Haight to leave FCCW would be fair to Haight in the balance of the equities or be in the public interest. Because Stout's motion thus

fails to make the four showings under *Winter*, she is not entitled to the relief she seeks.[1]

For the reasons stated, it is **ORDERED** that the motion, ECF No. 36, is DENIED.

**ENTER**:  November 19, 2019

/s/  JAMES P. JONES
United States District Judge

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that she will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond.  *See* Fed. R. Civ. P. 65(b).  Such an order would only last until such time as a hearing on a preliminary injunction could be arranged.  As it is clear from the outset that Stout is not entitled to a preliminary injunction, the court finds no basis upon which to grant her a temporary restraining order.