# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DEBORAH STOUT,** | ) |
| Plaintiff, | ) Case No. 7:18CV00402 |
| v. | ) **OPINION AND ORDER** |
| **LT. RAELYN HAIGHT,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Deborah Stout*, Pro Se Plaintiff; *Stacie A. Sessoms*, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendant.

The plaintiff, Deborah Stout, filed this civil rights action under 42 U.S.C. § 1983, against Raelyn Haight, a correctional lieutenant with the Virginia Department of Corrections ("VDOC"), for retaliating against her for filing grievances. After review of the record, I conclude that Haight's motion must be denied. I will refer the matter to the magistrate judge for a bench trial.

I.  BACKGROUND.

Stout is confined at Fluvanna Correctional Center for Women ("FCCW"). In the Complaint, she alleges the following claims: (1) Haight bullied, harassed and intimidated Stout; (2) Haight retaliated against Stout for filing grievances by firing her and by failing to sign paperwork necessary for Stout to get another prison job;

and (3) Haight failed to protect Stout from another inmate's aggressive behavior, all in violation of Stout's First and Eighth Amendment rights. As relief, Stout sought to recover monetary damages.[1] By Opinion and Order entered September 24, 2019, I dismissed all of Stout's claims in this action, except her contention that Haight retaliated against her by preventing her from obtaining another prison job. *Stout v. Haight*, No. 7:18CV00402, 2019 WL 8953342, at *5–6 (W.D. Va. Sept. 24, 2019). Haight then filed the pending summary judgment motion, supported by affidavits. Stout has responded and submits an affidavit stating her version of events, making the matter ripe for disposition.

A. Haight's Evidence.

Pursuant to DOC Operating Procedure ("OP") 841.2, entitled Offender Work Programs, when an inmate applies for a prison job, the Work Program Assignment Reviewer ("PAR") and her staff first review the application for completeness and education requirements. The PAR is responsible for determining whether that inmate is eligible for particular jobs, based on specific factors such as security level, medical classification, work classification, and offense history. The PAR also

---

[1] Specifically, the Complaint demands that "D.O.C. [] pay physical [and] psychological damages." Compl. 2, ECF No. 1. Haight argues that since I dismissed DOC as a defendant, Stout has no remaining claim for monetary relief. However, I liberally construe the Complaint as requesting monetary damages from all of the defendants, as employees of VDOC. Stout also seeks to have Haight terminated from her job. Stout is advised that termination of employees is not a form of relief available under § 1983.

determines whether the applicant is suitable for a job opening, based on her skills, experience, aptitude, and work history. After this review, the inmate's counselor will review the application. Once the counselor clears the inmate for employment, the PAR retrieves the application to be submitted to work supervisors for possible openings.

If an inmate is employed and applies for a different job, her application will not be reviewed or approved by the PAR until the inmate's supervisor in her current job has signed the application for the new job. On the other hand, if the inmate applicant is not employed when she applies for a prison job, she is *not* required to have a past supervisor's signature to submit the application for a job.

Stout began working as a Vestibule Worker on November 14, 2016, under Haight's supervision. Haight states that on January 7, 2018, based on Stout's continued unsatisfactory job performance, and after several unsuccessful attempts to counsel Stout about the need to improve her performance, Haight recommended that Stout be terminated from her job. Haight signed and submitted the recommended termination paperwork to the PAR on January 10, 2018. From that point forward, Haight asserts, she "had no direct involvement with whether or not offender Stout obtained future employment" at FCCW. Mem. Supp. Mot. Summ. J. Attach. 1, Haight Aff. ¶ 6, ECF No. 53-1. Haight states that after January 10, 2018, Stout would not have needed Haight's signature to submit a job application. Haight also

reports that after January 10, 2018, Stout never submitted any job application to Haight for a supervisor's signature. Because of a scheduling change, Haight stopped working in Stout's housing unit on February 5, 2018.

### B. Stout's Evidence.

Stout's affidavit and her other submissions recount a version of events consistent with her Complaint, but different than Haight's account. On January 3, 2018, Haight called Stout to her office, upset about another inmate's report that Stout was writing a grievance about Haight. Stout admitted that she was beginning the grievance process. In response, Haight threatened Stout's job.[2]

On January 3, 2018, Stout was still allowed to work at her job, although a counselor reported that Stout's name had been removed from the worker's board with no explanation. On January 5 and 6, 2018, officers refused to allow Stout to work, because her name was not on the worker's board. Stout spoke to Sergeant Henderson, who confirmed that Stout was still listed as a worker in CORIS, the DOC's computer system.

On January 10, 2018, Haight "followed through with her initial threat and terminated [Stout's] job assignment by handing [Stout] a termination paper, improperly filled out." Pl.'s Resp. Mot. Summ. J. Attach. 1, Stout Aff. ¶ 8, ECF No.

---

[2] Stout denies that she ever received poor performance reviews regarding her job duties and complains that Haight has submitted no documentation showing any history of poor performance reviews for Stout. Pl.'s Resp. Mot. Summ. J. 3, ECF No. 55.

55-1. Haight refused Stout's request to discuss the matter. Stout began the grievance process about the termination on January 12, 2018.

On February 9, 2018, Stout questioned PAR Greta Trotter about why her employment applications had been returned, unapproved. Trotter explained that Stout was still listed in CORIS as a vestibule worker. Because Stout was still thus employed, according to CORIS, her supervisor in that job (Haight) was required to sign off on any new job application. Stout reports that on February 14, 2018, she asked Haight to sign off on her job applications, to allow her to be approved for another job assignment, but Haight refused.

Stout contends that Haight improperly filled out and failed to submit the termination paperwork. Stout asserts that Haight "instead submitted false records" that prove her awareness that she had not properly completed the termination process and was still listed as Stout's supervisor. *Id.* at ¶ 13. A grievance response notified Stout that as late as March 28, 2018, Stout "was still listed as an active worker in the position where [Haight] was her supervisor." *Id.* at ¶ 14. Stout asserts that Haight refused to rectify this situation out of retaliation for Stout's filing grievances about Haight.[3]

---

[3] In response to the defendant's motion, Stout also attempts to reassert her claims that Haight harassed and failed to protect her and terminated her out of retaliation. These claims were dismissed by previous order and are no longer before the court. *Stout*, 2019 WL 8953342 at *6.

II. DISCUSSION.

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In short, a motion for summary judgment should be granted when the proof, taken in the form admissible at trial and resolving all factual doubts in favor of the non-moving party, would lead a reasonable juror to but one conclusion. However, I must "view the facts and draw reasonable inferences in a light most favorable" to Stout, as the nonmoving party. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). To avoid summary judgment, Stout "must set forth specific facts showing that there is a genuine [factual] issue for trial" on which the fact finder could find in her favor on the remaining claim. *Anderson*, 477 U.S. at 248 (internal quotation marks and citations omitted).

To state a claim for retaliation under § 1983, a plaintiff must allege that (1) she engaged in a protected First Amendment activity, (2) the defendant took some action that adversely affected her First Amendment rights, and (3) there was a causal relationship between her protected activity and the defendant's conduct. *See Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017). Inmates have a clearly established "First

Amendment right to be free from retaliation for filing a grievance." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 536 (4th Cir. 2017).

I have already found that Stout's allegations state an actionable § 1983 claim of retaliation:

> Stout . . . alleged in her Complaint that Haight retaliated against her by refusing to sign paperwork allowing her to receive another prison job. Stout alleged that these actions by Haight did occur after Stout had begun seeking administrative remedies against Haight. Further, Haight's statements to Stout, if found credible, would be evidence supporting a causal relationship between Stout's protected activity and Haight's actions.

*Stout*, 2019 WL 8953342 at *6. Haight's evidence is that she terminated Stout for poor job performance and not in retaliation; she completed necessary paperwork to finalize that termination on January 20, 2018; and she had no further involvement in Stout's efforts to obtain another job.

In response to Haight's evidence, however, Stout highlights the lack of evidence of past, negative performance reviews. Her affidavit states that officials informed her after January 10, 2018, that records in CORIS contradicted Haight's insistence that she had properly formalized the termination; that after that date, the PAR refused to approve Stout's job applications without Haight's signature as Stout's Vestibule Worker supervisor; that Haight refused Stout's request thereafter to sign off on later job applications; and that Haight's actions — failing to ensure completion of the termination and refusing to sign Stout's job applications —

-7-

occurred after Stout had filed grievances against Haight.  Taking Stout's evidence in the light most favorable to her, I find genuine issues of material fact in dispute as to these issues.  Accordingly, I must deny Haight's motion.

### III.  CONCLUSION.

For the reasons stated, it is **ORDERED** as follows:

1. The defendant's Motion for Summary Judgment, ECF No. 52, is DENIED as to Stout's claim for monetary damages based on the claim that Haight retaliated against Stout for filing grievances through actions or inactions on and after January 10, 2018, that prevented Stout from obtaining another prison job for several weeks; and

2. The matter is hereby REFERRED to the Honorable Pamela Meade Sargent, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for further proceedings, including a bench trial and preparation of a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of the retaliation claim described above.

ENTER:  August 24, 2020

/s/  JAMES P. JONES
United States District Judge